Green, J.
delivered the opinion of the court.
This is an action against the plaintiff in error, as the endorser of a bill of exchange drawn in Memphis, Tennessee, by Arthur Bowen on Fort'& Wilcox, New Orleans, in favor of plaintiff in error, for $2500, and by him endorsed. The bill was presented at maturity, payment demanded and was protested for non-payment by A. B. Cends, a Notary Public of New Orleans. The instrument of protest states, that the Notary “by his deputy McDime, junior, presented said draft to Mr. Fort, one of the members of the firm of Fort & Wilcox, the acceptors, at their office, and demanded payment thereof, *549 and was answered that the same would not be paid.” The protest was made the 11th June, 1845.
By an act of the General Assembly of Louisiana, passed , the 14th of March, 1844, it is made lawful, for each and every Notary Public in New Orleans, to appoint one or more deputies, to assist him in making of protests and delivery of notices of protests of bills of exchange and promissory notes: Provided, that each notary shall be responsible for the acts of each deputy employed by him: And provided, that each deputy shall take an oath, faithfully to perform his duties as such, before the Judge of the Parish in which he may be appointed: And provided, the certificate of notice of protest shall state by whom made or served.
The defendant, at the trial below, -objected to the protest which was offered as evidence, which objection was overruled by the court, and the evidence was admitted. The jury found a verdict for the plaintiff, and the defendant appealed to this court.
It is now insisted, that this protest is not evidence of the .presentment and demand of the bill, because it states that the demand was made by the deputy of the notary.
It is certainly true, as the general rule, that a foreign bilí must be presented by the notary in person, and demand of payment made by him, and that the demand by his deputy is not sufficient. But it is seen, that the law of Louisiana, where this bill was payable, authorizes the employment of a deputy in this service, and that the protest must certify by whom the demand was made.
In Story on Bills, sec. 276, treating of protests of foreign bills, it is laid down, that the protest “should be made out and drawn up in the form required by the law or usage of the place where it is made, and that so essential is the production of the protest, that it cannot be supplied by mere proof of noting for non-acceptance, and a subsequent protest for non-payment.” And Mr. Chitty observes (Chitty on Bills, 333,) “when ever notice of non-acceptance of a foreign bill is necessary, a protest must also be made, which, though mere matter of form, is by the custom of merchants indispensably necessary, and can *550 not be supplied by witnesses or oath of the party, or in any other way, and, as it is said, is a part of the constitution of a foreign bill of exchange.” The mere production of this protest, in the case of a bill payable and protested out of the country, will be evidence of its dishonor, “and to it all foreign courts give credit.” And at page 456, he says: “With respect to the protest, it should always be made according to the law of the place where the payment ought to have been made, though, with regard to notice of dishonor, it must be given to the drawer within the time, and according to ■ the law of the place where the bill was drawn, and to the endorsers according to the law of the place where the endorsements were made.”
These authorities settle the question, and establish the following propositions:
■ 1. That a protest is indispensible to the dishonor of a foreign bill of exchange.
2. That the protest is to be made according to the law of the place where the bill is payable.
3. That the protest properly authenticated, is evidence by its mere production, of the presentment and demand, in all foreign courts, where the dishonor of the bill is required to be proved.
4. That no other evidence of. the facts stated in the protest is competent.
The protest in the present case, was made according to the lav/ of Louisiana, where the bill was payable, and, therefore, is evidence here of the dishonor of the bill.
It,is objected, that there is no evidence that Memphis was the defendant’s place of residence.
It appears, that annexed to the name of the defendant on the bill is added “Memphis,'Tennessee.” This we regard as part of his endorsement, and as sufficient authority to authorize the holder to send the notice to Memphis.
Affirm the judgment.